IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,              )
                                       )
              Plaintiff,               )
                                       )
       v.                              )     No.  07 CR 801
                                       )
CHRIS J. KOKENIS,                      )
                                       )
              Defendant.               )

MEMORANDUM OPINION AND ORDER

Chris Kokenis ("Kokenis") was found guilty by a jury on 8 of the 16 counts that remained after the government, immediately before trial, had dismissed four counts from the original 20-count indictment.  Now his able counsel have filed a motion for a new trial--but their problem is that the basic argument they seek to muster on Kokenis' behalf is nowhere near as able as they may be as lawyers.

Based on pretrial proceedings and statements of defense counsel, this Court had understood that Kokenis planned to advance a "good faith defense"[1] of the type exemplified by the seminal decision in Cheek v. United States, 498 U.S. 192 (1991). In that respect defense counsel's Mem. 3 quotes a paragraph from

_____

[1]  What defense counsel's current motion avoids (quite understandably, in light of its damning nature) is all of the evidence of fraudulent and forged documents that overwhelmingly establish Kokenis' guilt on a number of material items of tax fraud for the years at issue.  This Court knows of no authority that holds a taxpayer can hold a good faith belief that he or she is permitted to create bogus documents in an effort to transform what are unquestionably items of personal expenditure into faked business expenses that consequently understate reportable income.

<u>Cheek</u>, <u>id</u>. at 202--but that wholesale quotation cannot conceal the force and meaning of its key sentence (emphasis added) that serves as the fulcrum from which the good faith defense must gain its leverage:

> But carrying this burden requires negating a defendant's claim of ignorance of the law or a claim that, because of a good faith misunderstanding of the law, <u>he had a good faith belief</u> that he was not violating any of the provisions of the tax laws.

Indeed, counsel's quotation from <u>Cheek</u> is most notable for its stopping point. Here is what the Supreme Court said immediately after the paragraph that the defense memorandum has quoted (<u>id</u>., again with emphasis added):

> In this case, <u>if Cheek asserted that he truly believed</u> that the Internal Revenue Code did not purport to treat wages as income, and the jury believed him, the Government would not have carried its burden to prove willfulness, however unreasonable a court might deem such a belief.[2]

And of course that is the only common sense reading of a "good faith defense"--it is not, as counsel would have it, a term that may be misleading because it suggests an impermissible shifting of the government's obligation to prove guilt beyond a reasonable doubt. Instead that burden stays with the government throughout the case, as this Court (like all others) always instructs every criminal jury and so instructed the jury in this case.

But an individual's good faith belief cannot be established

---

[2] [Footnote by this Court] Talk about selective quotation on the part of counsel.

by his or her lawyers' ipse dixit.  Nor can it be established by
an opinion witness' testimony that describes the complexity of a
transaction without any link at all to the taxpayer's mindset--so
that if the taxpayer had a belief based on that complexity, it
would or could be reasonable.

Instead defense counsel's entire effort on Kokenis' behalf
founders on a basic mischaracterization of what Cheek involved,
as well as of what it said.  It must be remembered that Cheek,
having chosen to represent himself, testified about his
understanding and belief (498 U.S. at 195-96), and it was in that
context that the Supreme Court made the statement that this
opinion has quoted, although Kokenis' counsel stopped short of
doing so.

No one required Kokenis to testify, nor could any
consideration be given to his decision not to do so (and this
Court of course so instructed the jury).  But in order to
advance, in the necessary good faith, any assertion of a good
faith defense and thus to bring Cheek into play, Kokenis had to
take the stand, for no one else could demonstrate his good faith
belief.[3]  Good faith beliefs, by definition, do not exist in a

---

[3]  Orson Welles' classic radio drama The Shadow had as its
theme, intoned by Welles in his incomparably sonorous timbre:

   Who knows what evil lurks in the hearts of men?  The
   Shadow knows.

But the Shadow meted out his own brand of extralegal "justice,"

vacuum.

Hence the defense's current argument falls of its own weight. It is simply not true that evidence by others, without Kokenis' choosing to testify as the Cheek defendant did, could somehow establish Kokenis' own belief. What Mem. 7 sets out, after citing to other potential testimony that lacked entirely the essential underpinning of what Kokenis himself believed, is simply false in stating:

> What the excluded evidence would have established is that the Defendant had a good faith belief that the working interest transfers at issue here need not be realized as taxable income in the year of the transaction but could, instead, be treated as liabilities.[4]

In brief, Kokenis' post-trial effort to obtain a new trial has come up empty. It is denied, and the case will go forward to sentencing as scheduled.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 8, 2010

_____

and that type of mind reading has no legitimate role or counterpart in court-administered justice.

[4] [Footnote by this Court]  Once again, even that statement is conspicuously silent as to the undisputed evidence that incontrovertibly established Kokenis' fraudulent intent as to a substantial number of the items that he excluded from reportable income and that could not have been touched by some claimed good faith defense.